

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-92,773-01

**EX PARTE SHAWN PINSON, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. B-44,548 -A IN THE 161ST DISTRICT COURT
### FROM ECTOR COUNTY

*Per curiam*. NEWELL, J., dissented.

### O R D E R

Applicant was convicted of murder and sentenced to seventy years' imprisonment. The Eleventh Court of Appeals affirmed his conviction. *Pinson v. State*, No. 11-17-00003-CR (Tex. App.—Eastland Dec. 21. 2018, pet. ref'd) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that trial counsel was ineffective because he did not object to (1) the court's charge that failed to limit the definitions of the culpable mental states to the result of Applicant's conduct and the prosecutor's arguments that the culpable mental states apply to the nature of his conduct; and (2) the prosecutor's argument and the verdict forms that required the jury

to unanimously acquit him of murder before it could consider the lesser-included offenses. Applicant also contends that appellate counsel was ineffective for failing to raise the issue on appeal that the trial court erred in failing to limit the definitions of the culpable mental states to the result of Applicant's conduct. The trial court has determined that both trial counsel and appellate counsel were ineffective and recommends that we grant relief. However, we find that the record does not support the trial court's conclusions that Applicant was harmed by trial counsel's and appellate counsel's alleged failures. All relief is denied.

Filed: September 22, 2021
Do not publish